The Chief Justice
delivered the opinion.
This was an ejectment. The lessor of the plaintiff in support of his title produced in evidence a deed of bargain and sale for the land in contest, from Benjamin Sebastian to Elizabeth Wilson, and Mary Wilson, purporting to be made in consideration of $50, and containing after the usual words of conveyance to the bargainees, the following clause, to wit; “saving and reserving to William Wilson “and Mary Wilson, his wife, the father and mother of the *601 “said Elizabeth and Mary during their lives, and the life of "the longest liver of them, the sale, use, possession, occupation and enjoyment of the said tract of land.” He also produced the record of a judgment of non-suit, in an action brought in the name of Polly Wilson by her next friend, William Wilson, against the lessor of the plaintiff. A copy of an execution for the costs, against the estate of William Wilson, as the next friend of Polly Wilson, and a deed from the sheriff, purporting to be made to the lessor of the plaintiff as the purchaser at the sale under the execution.
An infant suing by her next friend, and suffering a non-suit; is liable as an adult to judgment for costs; the next friend is also answerable for costs, but is to be rendered so by attachm't not judgem't
The defendants moved the court to instruct the jury to find for them; but the court overruled the motion, and instructed the jury, that, if they believed the evidence, they must find for the plaintiff a moiety of the land in controversy. The jury returned a verdict accordingly, and a judgment was thereupon entered; from which this appeal is prosecuted.
The main question is, whether the lessor of the plaintiff shewed title in himself or not?
The execution, in virtue of which the sheriff sold and conveyed the land to the lessor of the plaintiff, having issued against the estate of William Wilson, could only have given to the sheriff authority to sell his land and not the land of Mary Wilson: and, indeed, the deed from the sheriff purports to convey his right only, and not the right of any other person.
Whether he had any estate in the land in contest, or if any, whether it was of a character to be liable to sale under execution, is extremely questionable. These are points, however, which we do not deem material to be decided; for there is another ground upon which we suppose the title of the lessor of the plaintiff to be clearly and radically defective, and that is, that there is no judgment against William Wilson to warrant the execution under which the lessor of the plaintiff became the purchaser. The judgment is thus entered—“And the plaintiff and her next "friend, being both solemnly called, came not, nor is her “suit further prosecuted: It is therefore considered by the “court, that the plaintiff be non-suit, and pay to the defendant 150 lb. of tobacco, and his costs, &c.”
This is plainly a judgment against the infant plaintiff, and not against William Wilson, her next friend; and we have no doubt that it was properly so entered; for although the next friend, by whom an infant sues, is liable to costs, *602 the mode of proceeding against him is not by judgment and execution, but by attachment. 2 Stra. 708; Wilson’s Rep. 190; Tidd’s Prac. 72.
Though a judgment under which land is sold be irregular, yet the sale under it is valid, if the other proceedings are correct.
Bibb for appellant.
If the judgment had been entered against William Wilson, however erroneous it might have been, the sale, if otherwise correct, would have been valid; for a sale is never vitiated by an error in the judgment upon which the execution issued. But whether the judgment could have been rightly entered against him or not, as it in fact was not so entitled, it is evident that the execution against estate was issued without any judgment to justify it; and as it is only in satisfaction of judgments that lands, according to the terms of the act subjecting lands to the payment of debts; can be taken and sold under execution, it results, as a necessary consequence, that the lessor of the plaintiff could have acquired no title by his purchase under the execution. The circuit court erred in the instructions given to the jury.
The judgment must be reversed, and the cause be remanded for a new trial to be had, not inconsistent with this opinion.